JS 44  (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Brandon Lawson | Warden, FDC Philadelphia, Elizabeth A. Schernecke, et al. |

**(b)** County of Residence of First Listed Plaintiff    Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Jason Javie, Friedman & Levin Associates, 1500 JFK Blvd, Suite 900, Phila. PA 19102 (215) 563-7642

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [x] 3  Federal Question *(U.S. Government Not a Party)*
- [ ] 2  U.S. Government Defendant
- [ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane  [ ] 365 Personal Injury - | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product     Product Liability |  |  | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument |      Liability  [ ] 367 Health Care/ |  | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment | [ ] 320 Assault, Libel &     Pharmaceutical |  | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
|     & Enforcement of Judgment |      Slander     Personal Injury |  | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers'     Product Liability |  | [ ] 835 Patent - Abbreviated | [ ] 460 Deportation |
| [ ] 152 Recovery of Defaulted |      Liability  [ ] 368 Asbestos Personal |  |     New Drug Application | [ ] 470 Racketeer Influenced and |
|     Student Loans | [ ] 340 Marine     Injury Product |  | [ ] 840 Trademark |     Corrupt Organizations |
|     (Excludes Veterans) | [ ] 345 Marine Product     Liability |  | [ ] 880 Defend Trade Secrets | [ ] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment |      Liability  **PERSONAL PROPERTY** | **LABOR** |     Act of 2016 |     (15 USC 1681 or 1692) |
|     of Veteran's Benefits | [ ] 350 Motor Vehicle  [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards |  | [ ] 485 Telephone Consumer |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle  [ ] 371 Truth in Lending |     Act | **SOCIAL SECURITY** |     Protection Act |
| [ ] 190 Other Contract |      Product Liability  [ ] 380 Other Personal | [ ] 720 Labor/Management | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal     Property Damage |     Relations | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ |
| [ ] 196 Franchise |      Injury  [ ] 385 Property Damage | [ ] 740 Railway Labor Act | [ ] 863 DIWC/DIWW (405(g)) |     Exchange |
|  | [ ] 362 Personal Injury -     Product Liability | [ ] 751 Family and Medical | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
|  |      Medical Malpractice |     Leave Act | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation |  | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [x] 440 Other Civil Rights  **Habeas Corpus:** | [ ] 791 Employee Retirement | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information |
| [ ] 220 Foreclosure | [ ] 441 Voting  [ ] 463 Alien Detainee |     Income Security Act | [ ] 870 Taxes (U.S. Plaintiff |     Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment  [ ] 510 Motions to Vacate |  |     or Defendant) | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/     Sentence |  | [ ] 871 IRS—Third Party | [ ] 899 Administrative Procedure |
| [ ] 245 Tort Product Liability |      Accommodations  [ ] 530 General |  |     26 USC 7609 |     Act/Review or Appeal of |
| [ ] 290 All Other Real Property | [ ] 445 Amer. w/Disabilities -  [ ] 535 Death Penalty |  |  |     Agency Decision |
|  |      Employment  **Other:** | **IMMIGRATION** |  | [ ] 950 Constitutionality of |
|  | [ ] 446 Amer. w/Disabilities -  [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application |  |     State Statutes |
|  |      Other  [ ] 550 Civil Rights | [ ] 465 Other Immigration |  |  |
|  | [ ] 448 Education  [ ] 555 Prison Condition |     Actions |  |  |
|  | [ ] 560 Civil Detainee - |  |  |  |
|  |      Conditions of |  |  |  |
|  |      Confinement |  |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1  Original Proceeding
- [ ] 2  Removed from State Court
- [ ] 3  Remanded from Appellate Court
- [ ] 4  Reinstated or Reopened
- [ ] 5  Transferred from Another District *(specify)*
- [ ] 6  Multidistrict Litigation - Transfer
- [ ] 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics

Brief description of cause:
Denial of Medical Treatment in violation of Eighth Amendment to United States Constitution

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*        JUDGE _____  DOCKET NUMBER _____

DATE
December 4, 2023

SIGNATURE OF ATTORNEY OF RECORD
*Jason Javie*

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

**IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| **BRANDON LAWSON,** | : | |
|  | : | |
| Plaintiff | : | |
| vs. | : | No. 2:23-cv-4796 |
|  | : | |
| **WARDEN, FDC PHILADELPHIA** | : | |
| **ELIZABETH A. SCHERNECKE** | : | |
| **RAEPH LAUGHINGWELL** | : | **JURY DEMANDED** |
| **RAMONA KISTLER** | : | |
| **ODEIDA DALMASI** | : | |
| **JOHN DOES 1-10** | : | |
| **JANE DOES 1-10** | : | |
|  | : | |
| Defendants | | |

## CIVIL COMPLAINT

1.      The Plaintiff, Brandon Lawson, is an inmate at the Federal Detention Center in Philadelphia.

2.      Defendant, Warden, FDC Philadelphia is an adult individual who is responsible for overseeing the operation of the Federal Detention Center in Philadelphia and with establishing policies and procedures for the operation of the institution.

3.      Defendant Elizabeth A. Shernecke is employed at the Federal Detention Center.

4.      On information and belief, Defendant Shernecke's title is Medical File Technician and she is responsible for *inter alia* scheduling outside medical appointments for inmates.

5.      Defendant Ralph Laughingwell is a medical doctor employed by the Bureau of Prisons and responsible for the provision of medical services to the inmates at the FDC in Philadelphia.

1

6.    Defendant Laughingwell is further responsible for determining whether inmates need to be transported to external medical facilities.

7.    On information and belief, Defendant Laughingwell is also responsible for creating, implementing and enforcing policies concerning the provision of medical treatment and services to inmates.

8.    Defendant Ramona Kistler is a nurse practitioner employed by the Bureau of Prisons and responsible for the provision of medical services to the inmates at the FDC in Philadelphia.

9.    Defendant Odeida Almasi is a medical professional employed by the Bureau of Prisons and is responsible for the provision of medical services to the inmates at the FDC in Philadelphia.

10.    Defendants Almasi, Kistler, Warden, Laughingwell, and Schernecke are responsible for the provision of medical services, the creation and implementation of policies pertaining to the provision of medical services to inmates, the evaluation of prisoners, the scheduling of outside medical appointments, the transporting of inmates for outside medical appointments, providing medical treatment and services to inmates and ensuring that inmates are connected with medical services.

11.    John Does 1-10 and Jane Does 1-10 are employees of the Federal Detention Center in Philadelphia who are responsible for the provision of medical services, the creation and implementation of policies pertaining to the provision of medical services to inmates, the evaluation of prisoners, the scheduling of outside medical appointments, the transporting of inmates for outside medical appointments, providing medical treatment and services to inmates and ensuring that inmates are connected with medical services.

2

12. Plaintiff has been unable to identify these unknown defendants notwithstanding a good faith and reasonable effort to do so.

13. All Defendants named herein are sued in their individual capacities insofar as their conduct violated Mr. Lawson's rights under the Eighth Amendment to the United States Constitution.

14. Further, all defendants were either personally involved in the complained of conduct, or they had actual knowledge of the conduct and acquiesced in the same.

15. Further, Mr. Lawson has exhausted his administrative remedies in accordance with the Prison Litigation Reform Act of 1995.

### Factual Background

16. At all relevant times, Plaintiff Brandon Lawson had serious medical needs and the individual named Defendants (including the unknown defendants) were deliberately indifferent to the same.

17. In March of 2021, Plaintiff was involved in a serious accident that required surgical intervention.

18. Specifically, Lawson underwent an operation that involved the placement of a rod and other hardware in his leg.

19. Mr. Lawson was indicted for federal criminal offenses in September of 2021 and apprehended by federal authorities in late October of 2021.

20. Subsequently, Lawson was ordered detained by US Magistrate Judge Carol Sandra Moore Wells on November 3, 2021.

21. Lawson was remanded to the custody of the United States Marshalls and was detained in the Federal Detention Center in Philadelphia.

3

22. At the time of his arrest and detention, Mr. Lawson had serious medical needs and was in need of additional medical treatment and surgery for his leg including the need for a bone graft.

23. At the time of his arrest, Mr. Lawson had consult scheduled to take place in a few days.

24. Upon his arrival at the Federal Detention Center, Mr. Lawson advised the staff including all defendants of his serious medical needs and his imminent appointment.

25. Notwithstanding the fact that Mr. Lawson advised the staff of the same, he was not transported to his medical appointment nor was he transferred to another facility for treatment.

26. No appointments were made to get him substitute treatment at that time.

27. Notwithstanding repeated complaints and his utilization of the administrative procedures established by the Bureau of Prisons, it took Mr. Lawson months to receive any medical care for his injuries.

28. The delay necessitated numerous additional medical procedures and/or surgeries which would not have been necessary but for the delay in seeking the medical treatment for Mr. Lawson's serious medical needs.

29. Specifically, Mr. Lawson developed a blood infection, had to have hardware removed in order to treat the blood and bone infection, had to undergo a course of antibiotics to correct the blood and bone infection, had to have the hardware reinstalled, developed tachychardia, underwent numerous surgeries including a debriding procedure and several bone graphs at least some of which would have otherwise been unnecessary if he had access to appropriate medical treatment.

4

30.    Mr. Lawson still has trouble walking and standing and is forced to endure unnecessary pain as a result of the denial of medical treatment.

31.    It is averred that the denial of medical treatment in this case caused permanent damage to Mr. Lawson.

32.    All of this amounted to a violation of Mr. Lawson's rights under the Eighth Amendment.

<u>COUNT I: *BIVENS* CLAIM</u>

<u>PLAINTIFF vs. ALL DEFENDANTS</u>

33.    Plaintiff reincorporates all preceding paragraphs.

34.    This Count seeks recovery from all defendants insofar as they were deliberately indifferent to Mr. Lawson's serious medical needs, all of which was in violation of the Eighth Amendment to the United States Constitution.

35.    The defendants are sued under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) insofar as their conduct amounted to or resulted in the violation of Mr. Lawson's Eighth Amendment rights.

36.    At all relevant times, All Defendants were deliberately indifferent to Mr. Lawson's extremely serious medical needs.

37.    All Defendants were deliberately indifferent to Mr. Lawson's medical needs in the following ways:

    a.    Failing to schedule appointments with his treating doctors;

    b.    Failing to schedule appointments with external health providers in order that Mr. Lawson could receive necessary medical treatment;

    c.    Failing to treat Mr. Lawson's injuries;

    d.    Failing to ensure that Mr. Lawson's serious medical needs were addressed in a timely fashion;

e. Ignoring Mr. Lawson's pleas for help and his complaints about the denial of treatment;

f. Failing to investigate Mr. Lawson's pleas;

g. Ignoring the urgent need for treatment;

h. Ignoring the urgent need for surgical intervention;

i. Failing to provide wound care and physical therapy/rehabilitation;

j. Failing to transport Mr. Lawson to receive medical treatment;

k. Preventing Mr. Lawson from continuing his treatment regimen with medical professionals at the University of Pennsylvania for multiple months;

l. Deliberately denying Mr. Lawson treatment due to personal animus, anger or other improper motivation;

38. As a direct and proximate result of the deliberate indifference described above, Mr. Lawson was forced to sustain and suffer from the damages noted above.

39. The injuries that Mr. Lawson sustained are permanent and Mr. Lawson endured pain and suffering as a result of the Defendants' unconstitutional conduct.

40. Mr. Lawson lost the opportunity to make a full or substantial recovery as a result of the deliberate indifference of all defendants.

41. It is likely that Mr. Lawson will suffer from pain, disfigurement, discomfort and embarrassment for the rest of his life as a result of the Defendant's actions.

**WHEREFORE**, Plaintiff, Brandon Lawson, hereby demands judgment against all defendants individually and/or jointly and severally, along with costs of suit, attorney's fees and all other sums recoverable under the law.

## COUNT II: *BIVENS* CLAIM

## PLAINTIFF vs. WARDEN, RAEPH LAUGHINGWELL

42. Plaintiff reincorporates all preceding paragraphs.

6

43.    At all relevant times, Defendants Warden and Laughingwell were responsible for setting policies, enforcing policies and maintaining policies concerning the provision of medical services to inmates.

44.    On such policy limited the availability of wound care for inmates in the facility.

45.    Another such policy limited prisoners' ability to receive outside medical treatment from Jefferson University Hospital only.

46.    Another such policy completely prohibits and/or denies inmates from receiving rehabilitation or physical therapy following injuries of the type at issue in this case.

47.    These respective policies were created and/or continued and/or mandated by Defendants Warden and Laughingwell.

48.    No employees had discretion to deviate from these policies for any reason.

49.    Application of these policies allowed for and was in fact the proximate cause of the unconstitutional denial of medical treatment to Mr. Lawson.

50.    Specifically, the unavailability of wound care inside of the prison inhibited Mr. Lawson's ability to heal and resulted in infections which prolonged and complicated Mr. Lawson's recovery.

51.    Application of these polices also inhibited or prevented Mr. Lawson from making a full or substantial recovery insofar as he was unable to access necessary physical therapy/rehabilitation medicine.

52.    In addition, the policy was a proximate cause of Mr. Lawson's being denied medical care in December of 2021.

53.     Specifically, Mr. Lawson was taken to Jefferson University but he was denied treatment due to the complexity of the case as well as the extensive involvement that University of Pennsylvania already had with treating his injuries.

54.     The policy led to a denial of treatment insofar as Jefferson was ill equipped to deal with the complexity and or severity of Plaintiff's needs or because Jefferson was unwilling to deal with the complexity and/or severity of Plaintiff's medical needs.

55.     The policy also led to a denial of treatment because it took several months before Mr. Lawson was permitted to receive medical care from other facilities.

56.     This resulted in additional delay in Mr. Lawson receiving the necessary medical treatment that he needed.

57.     All of this resulted in the damages mentioned above as well as the extreme pain and suffering and permanent damages that Mr. Lawson has been forced to endure.

**WHEREFORE**, Plaintiff, Brandon Lawson, hereby demands judgment against all defendants individually and/or jointly and severally, along with costs of suit, attorney's fees and all other sums recoverable under the law.

Respectfully submitted,

**FRIEDMAN & LEVIN ASSOCIATES**

By: */s/ Jason Javie*

Date: December 5, 2023

**JASON JAVIE**
**Attorneys for Plaintiff**
Two Penn Center, Suite 900
1500 John F. Kennedy Boulevard
Philadelphia, Pennsylvania  19102
(215) 563-7642
jason.javie@crllaw.com

05/2023

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: c/o Jason Javie, Esquire, 1500 JFK Blvd, Suite 900, Phila. PA 19102

Address of Defendant: FDC Philadelphia, 700 Arch Street, Philadelphia, PA 19106

Place of Accident, Incident or Transaction: FDC Philadelphia, 700 Arch Street, Philadelphia, PA 19106

---

*RELATED CASE IF ANY:*

Case Number:_____ Judge:_____ Date Terminated_____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?　　Yes [ ]　No [X]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit Pending or within one year previously terminated action in this court?　　Yes [ ]　No [X]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier Numbered case pending or within one year previously terminated action of this court?　　Yes [ ]　No [X]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se case filed by the same individual?　　Yes [ ]　No [X]

I certify that, to my knowledge, the within case [ ] is / [X] is not related to any now pending or within one year previously terminated action in this court except as note above.

DATE: December 4, 2023　　_Jason Javie_　　PA 309840; NJ 02604-2010

*Attorney-at-Law (Must sign above)*　　*Attorney I.D. # (if applicable)*

---

**Civil (Place a √ in one category only)**

*A. Federal Question Cases:*

1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts)
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Wage and Hour Class Action/Collective Action
6. [ ] Patent
7. [ ] Copyright/Trademark
8. [ ] Employment
9. [ ] Labor-Management Relations
10. [X] Civil Rights
11. [ ] Habeas Corpus
12. [ ] Securities Cases
13. [ ] Social Security Review Cases
14. [ ] Qui Tam Cases
15. [ ] All Other Federal Question Cases. *(Please specify)*:_____

*B. Diversity Jurisdiction Cases:*

1. [ ] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury *(Please specify)*:_____
7. [ ] Products Liability
8. [ ] All Other Diversity Cases: *(Please specify)*_____
   _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration)*

I, Jason Javie , counsel of record *or* pro se plaintiff, do hereby certify:

[X] Pursuant to Local Civil Rule 53.2 § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: December 4, 2023　　_Jason Javie_　　PA 309840 NJ 02604-2010

*Attorney-at-Law (Sign here if applicable)*　　*Attorney ID # (if applicable)*

NOTE: A trial de novo will be a jury only if there has been compliance with F.R.C.P. 38.